T.C. Memo. 2000-107

UNITED STATES TAX COURT

MATTI KOSONEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4259-98.                    Filed March 28, 2000.


<u>Andrew I. Panken</u> and <u>Robert A. DeVellis</u>, for petitioner.

<u>Carmino J. Santaniello</u>, <u>Bradford A. Johnson</u>, <u>Gerald A. Thorpe</u>, and <u>Frances Regan</u>, for respondent.


MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  Respondent determined that petitioner is liable for deficiencies in income tax of $20,369 for 1994 and $24,747 for 1995.

The issue for decision is whether, as petitioner contends, petitioner elected under section 469(c)(7) to treat his seven

rental real estate activities as one activity for 1994 and 1995. We hold that he did not.

Section references are to the Internal Revenue Code in effect during the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The parties submitted this case fully stipulated under Rule 122.

### A.   Petitioner

Petitioner lived in Stamford, Connecticut, when he filed his petition. He was a pilot for United Airlines in 1994 and 1995. He worked 609 hours for United Airlines in 1994 and 681 hours in 1995.

### B.   Petitioner's Rental Real Estate Activities

In 1994 and 1995, petitioner owned seven single and two-family residential properties that he rented to others (the seven properties). Six of the seven properties are in Stamford, Connecticut, and one is in St. Petersburg, Florida. Petitioner bought six of the properties from 1979 to 1984 and the seventh on November 9, 1994. Petitioner performed 877 hours of service relating to his real estate rentals in 1994 and 977 hours of service in 1995. He did not use any of the seven properties for personal purposes in 1994 or 1995.

Petitioner had passive losses from six of the properties before 1994. As of January 1, 1994, he had suspended losses (i.e., losses which he could not deduct) totaling $215,860 from his seven properties.

C.   Proposed Regulation

On January 10, 1995, the Secretary proposed a regulation which stated that a taxpayer may make an election under section 469(c)(7) by filing a statement with the taxpayer's original return in which the taxpayer declares that he or she is a qualifying taxpayer for the taxable year, and that the election is under section 469(c)(7)(A). See sec. 1.469-9, Proposed Income Tax Regs., 60 Fed. Reg. 2557 (Jan. 10, 1995).[1]

_____

[1]  Sec. 1.469-9, Proposed Income Tax Regs., 60 Fed. Reg. 2561 (Jan. 10, 1995), provides in pertinent part as follows:

  (g)  Election to treat all interests in rental real estate as a single rental real estate activity-- (1)  In general.  A qualifying taxpayer may make an election to treat all of the taxpayer's interests in rental real estate as a single rental real estate activity.  This election is binding for the taxable year in which it is made and for all future years in which the taxpayer is a qualifying taxpayer.  However, if there is a material change in a taxpayer's facts and circumstances, the taxpayer may revoke the election using the procedure described in paragraph (g)(3) of this section.

        *     *     *     *     *     *     *     *     *

  (3) Filing a statement to make or revoke the election.  A qualifying taxpayer makes the election to treat all interests in rental real estate as a single rental real estate activity by filing a statement with
(continued...)

D.   Petitioner's Income Tax Returns

    1.   Preparation

John L. Berry Associates prepared petitioner's 1994 and 1995 income tax returns.  In March 1995, John L. Berry (Berry) contacted the Technical Support Department for Commerce Clearing House (CCH) to ask how a real estate professional can elect to treat all of his or her real estate interests as one activity. The record does not state how CCH answered Berry's question. Petitioner timely filed his 1994 return.

    2.   Petitioner's 1994 Form 1040, Schedule E, Forms 8582, and Statements in Support of Forms 8582

        a.   Petitioner's 1994 Form 1040 and Schedule E

The Instructions for the 1994 Form 1040, U.S. Individual Income Tax Return, and Schedules A, B, C, D, E, F, and SE (the instructions) direct a taxpayer to list on Schedule E, Supplemental Income and Loss, each rental property, report the income and loss for each property, calculate the net gain or loss for each property, and report the combined net gains and losses on line 17 of Form 1040.

---

[1](...continued)
the taxpayer's original income tax return for the taxable year.  This statement must contain a declaration that the taxpayer is a qualifying taxpayer for the taxable year and is making the election pursuant to section 469(c)(7)(A).  The taxpayer may make this election for any taxable year in which section 469(c)(7) is applicable.  * * *

Petitioner reported losses of $56,954 on line 42 of the Schedule E that he attached to his 1994 income tax return, and on line 17 (rental real estate income or loss) on his 1994 Federal income tax return.  He subtracted $56,954 from his other income to calculate his adjusted gross income for 1994.

Petitioner attached three first pages and one second page of Schedule E to his 1994 income tax return.  He reported the income and expenses for six of his rental properties on two of the first pages (three on each) and income and expenses for the seventh rental property and totals for the seven rental properties on the third first page.  Petitioner reported the following on lines 22 and 23 of his 1994 Schedule E:

|  | Line 22,<br>Income | Line 23,<br>Deductible |
| Property | or loss | loss |
| 19 Cold Springs | ($6,626) | ($6,626) |
| 9 Cold Springs | (20,971) | (20,971) |
| 241-21 Hamilton | (2,531) | (2,531) |
| 15 Cold Spring | (12,590) | (12,590) |
| 106 1st St. | (5,720) | (5,720) |
| 63 Belltown | (8,516) | (8,516) |
| 80 Lawn | 1,939 | (1,939) |

The explanation for line 24 of the 1994 Schedule E instructs taxpayers to add positive amounts shown on line 22 but not to include any losses.  Petitioner reported $1,939 on line 24.

The explanation for line 25 of the 1994 Schedule E instructs taxpayers to enter the total amount of royalty losses from line 22 and rental real estate losses from line 23.  Petitioner reported a $58,893 loss on line 25.

The explanation for line 26 on the 1994 Schedule E instructs taxpayers to combine lines 24 and 25 and enter the total amount of rental real estate income or loss on lines 26 and 40 on Schedule E and on line 17 on Form 1040.  Petitioner reported a $56,954 loss on lines 26 and 40.

The explanation for line 42 on the 1994 Schedule E instructs real estate professionals to enter the net income or loss they report anywhere on Form 1040 from all rental real estate activities in which they materially participate.  Petitioner entered a $56,954 loss on line 42 of his 1994 Schedule E.

> b. Petitioner's Forms 8582 and Supporting Statements Attached to His 1994 Return

Petitioner attached to his 1994 income tax return two Forms 8582, Passive Activity Loss Limitations.  Petitioner added "ALTERNATIVE MINIMUM TAX" to the top of his second Form 8582.  On the first Form 8582, he reported $1,939 for activities with net income and $215,860 as prior year unallowed losses, for a net loss of $213,921.  In Part II (special allowance for rental real estate with active participation) of the first Form 8582, he reported that his modified adjusted gross income exceeded $150,000.  In Part III (total losses allowed) of both Forms 8582, he reported $1,939 on line 10 (total income) and line 11 (total losses allowed from all passive activities for 1994).

Petitioner attached to his 1994 income tax return statements in support of the Forms 8582.  On Statement 29, Form 8582, Active

Rental of Real Estate--Worksheet 1, petitioner reported net income of $1,939, no current net loss for any property, prior year unallowed loss of $215,860, and a total overall loss of $213,921. On Statement 30, Form 8582, Allocation of Unallowed Losses, and on Statement 31, Form 8582, Allowed Losses, petitioner reported that his total loss and total unallowed loss was $213,921.

On Statement 32, Form 8582, Summary of Passive Activities, petitioner reported that each rental property except for 80 Lawn Avenue, Stamford, Connecticut, had a passive gain or loss of zero, that his prior years' carryover after his current year net rental activity income was $1,939, and that the total allowed losses for 1994 reported on Form 8582, line 11, was $1,939.

On Statement 33, Form 8582, Modified AGI, petitioner reported that his rental loss was $56,954. Petitioner attached no other statements or other information relating to his first Form 8582.

Petitioner did not attach a statement to his 1994 return stating that he was electing to treat his real estate activities as one activity. He did not combine his 1994 Schedule E rental real estate losses with his previously suspended losses.

E.    Final Regulations

Section 1.469-9(g), Income Tax Regs., providing how to make an election under section 469(c)(7), became final on December 21,

1995.  See T.D. 8645, 1996-1 C.B. 73.  The final regulation, which is substantially like the proposed regulation, is generally effective for taxable years beginning on or after January 1, 1995, and is also effective for elections under section 469(c)(7)(A) and paragraph (g) of this regulation that are made with returns filed on or after January 1, 1995.  See T.D. 8645, 1996-1 C.B. at 75.

F.   Petitioner's 1995 and 1996 Returns

Petitioner timely filed his 1995 return.  He reported the seven rental properties on his 1995 return as he had on his 1994 return.

Petitioner attached a statement to his 1996 return indicating that he qualified as a real estate professional and elected to treat all of his rental real estate activities as one activity under section 469(c)(7).

## Discussion

A.   Passive Loss Rules for Real Estate Professionals

The issue for decision is whether, as petitioner contends, petitioner elected for 1994 and 1995 to treat his seven rental real estate activities as one activity under section 469(c)(7).

A taxpayer may not deduct passive activity losses claimed by the taxpayer in any taxable year.  See sec. 469(a)(1).  A passive activity loss is the amount, if any, by which losses from all passive activities for a taxable year exceed income from all

passive activities for that year.  See sec. 469(d)(1).  A passive activity is a trade or business in which the taxpayer does not materially participate.  See sec. 469(c)(1).

Rental activities are automatically passive (i.e., per se passive), see sec. 469(c)(2), whether or not the taxpayer materially participates in the activity, see sec. 469(c)(4). However, rental activities are not per se passive in taxable years beginning after December 31, 1993, for taxpayers in the real property business (real estate professionals).  See sec. 469(c)(7).[2]  Respondent determined, but no longer contends, that petitioner is not a real estate professional under section 469(c)(7)(B).[3]  We treat that as respondent's concession that section 469(c)(7) applies to petitioner for the years in issue.

If section 469(c)(7) applies, each interest of the taxpayer in rental real estate is treated as a separate activity for purposes of section 469 unless the taxpayer elects to treat all

---

[2]  Sec. 469(c)(7) became effective for taxable years beginning after Dec. 31, 1993.  See Omnibus Budget Reconciliation Act of 1993, Pub. L. 103-66, sec. 13143(a), (c), 107 Stat. 312, 440.

[3]  Petitioner said in his opening brief that respondent conceded that petitioner is a real estate professional for purposes of sec. 469.  Respondent did not address that issue in the reply brief, and we treat it as conceded by respondent.  See Burbage v. Commissioner, 82 T.C. 546, 547 n.2 (1984), affd. 774 F.2d 644 (4th Cir. 1985); Wolf v. Commissioner, T.C. Memo. 1992-432, affd. 13 F.3d 189 (6th Cir. 1993).

interests in rental real estate as one activity. See sec. 469(c)(7)(A)(ii) and flush language of sec. 469(c)(7).

Petitioner may deduct the net losses from his rental real estate activities in 1994 and 1995 if, as he contends, he elected in 1994 to treat them as one activity under section 469(c)(7).

B.  Whether Petitioner Materially Participated in Any of the Seven Rental Real Estate Activities

Petitioner contends in the petition that he materially participated in each of his rental real estate activities. However, petitioner did not so contend on brief. We deem that issue to be waived. See Burbage v. Commissioner, 82 T.C. 546, 547 n.2 (1984), affd. 774 F.2d 644 (4th Cir. 1985); Wolf v. Commissioner, T.C. Memo. 1992-432, affd. 13 F.3d 189 (6th Cir. 1993).

Even if petitioner contended that he materially participated in each of his rental real estate activities, the record does not show that he did so. An individual taxpayer materially participates in an activity if:  (a) He or she participates more than 500 hours during the year; (b) his or her participation is substantially all of the participation of individuals in that activity for the year; (c) he or she participates more than 100 hours and that participation equals the participation of all other individuals during the year; (d) the activity is a

significant participation activity[4] and his or her aggregate participation in all significant participation activities for the year exceeds 500 hours; (e) he or she materially participates for 5 out of 10 years immediately preceding the present year; (f) the activity is a personal service activity and he or she materially participated for any 3 years preceding the present year; or (g) he or she participated on a regular, continuous, and substantial basis during the year. See sec. 1.469-5T(a), Temporary Income Tax Regs., 53 Fed. Reg. 5725 (Feb. 25, 1988). Petitioner spent a total of 877 hours on his seven real estate rental activities, but there is no evidence of how many hours he spent on any specific rental property for any year.

Respondent concedes that petitioner materially participated in his rental real estate activities if they are treated as one activity. Thus, respondent concedes that petitioner may deduct

---

[4] A significant participation activity is one in which the taxpayer participates for more than 100 hours but does not materially participate under one of the other six tests. See sec. 1.469-5T(c)(1)(ii) and (2), Temporary Income Tax Regs., 53 Fed. Reg. 5725, 5726 (Feb. 25, 1988). Thus, for an activity to be a significant participation activity, the taxpayer (1) must have more than 100 hours of participation; (2) must have less than 500 hours of participation because participation greater than 500 hours would meet the test in sec. 1.469-5T(a)(1), Temporary Income Tax Regs., 53 Fed. Reg. 5725 (Feb. 25, 1988); and (3) must not be the individual with the most participation in the activity because a person with the most participation in the activity, if greater than 100 hours, meets the test in sec. 1.469-5T(a)(3), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb. 25, 1988).

his rental losses if he elected under section 469(c)(7) to treat his rental real estate activities as one activity.

C.  <u>Whether Petitioner Elected on His 1994 Income Tax Return To Treat His Rental Real Estate Activities as One Activity</u>

1.  <u>Whether Aggregating Net Losses From Schedule E on Line 17 of Form 1040 is an Election Under Section 469(c)(7)</u>

Petitioner contends that the fact that he aggregated his losses from his rental real estate activities on his tax returns for 1994 and 1995 shows that he elected under section 469(c)(7) to treat them as one activity.  We disagree.

To make an election, a taxpayer must clearly notify the Commissioner of the taxpayer's intent to do so.  See <u>Knight-Ridder Newspapers Inc. v. United States</u>, 743 F.2d 781, 795 (11th Cir. 1984).  To make an election, "the taxpayer must exhibit in some manner * * * his unequivocal agreement to accept both the benefits and burdens of the tax treatment afforded" by the governing statute.  <u>Young v. Commissioner</u>, 83 T.C. 831, 839 (1984), affd. 783 F.2d 1201 (5th Cir. 1986).  A taxpayer has not made an election if it is not clear from the return that an election has been made.  See <u>Young v. Commissioner</u>, 783 F.2d at 1206.

The instructions for the 1994 Form 1040 and Schedules A, B, C, D, E, F, and SE require petitioner to aggregate his rental real estate losses on line 17 of Form 1040.  Thus, the fact that

petitioner aggregated his losses is not clear notice that he intended to elect under section 469(c)(7).

    2.   <u>Whether Reporting That Net Losses Were Active Is an Election Under Section 469(c)(7)</u>

Petitioner argues that he treated his net losses as active rather than passive and that he thereby elected to treat his rental real estate activities as one activity under section 469(c)(7). As evidence that he treated his net losses as active, he points out that he reported on lines 22 through 26 and 42 of Schedule E, line 1d of Form 8582, and statements in support of Form 8582 of his 1994 return that, except for one property, none of the properties had a passive gain or loss and that he did not add his 1994 losses to previously suspended losses. On line 42 of Schedule E, he reported the loss of $56,954 as though he were a real estate professional and had sustained that loss in an activity or activities in which he materially participated. Petitioner contends that this shows that he elected to treat his rental real estate activities as one activity under section 469(c)(7). We disagree.

Petitioner's reporting that his net losses were active is not clear notice that he elected under section 469(c)(7) because he would also have reported that his net losses were active if he had materially participated in each of the seven rental real estate activities and had not elected under section 469(c)(7). See sec. 469(c) and (d); sec. 1.469-5T, Temporary Income Tax

Regs., supra; 1994 Instructions for Form 1040 and Schedules A, B, C, D, E, F, and SE, at E-3. Thus, petitioner's 1994 return did not give respondent clear notice that he was electing to treat all of his rental real estate activities as one activity under section 469(c)(7).

3. Whether Petitioner's Intention To Elect Under Section 469(c)(7) Establishes That He Did So

Petitioner contends that he intended to elect under section 469(c)(7), and that we should take his intent into account in deciding whether he did so. We disagree. See Young v. Commissioner, 783 F.2d at 1206 (taxpayer's intent is irrelevant to making an election).

4. Whether the Lack of Guidance on How To Elect Under Section 469(c)(7) Excuses Petitioner From Clearly Notifying Respondent That He Wanted To Elect

Petitioner points out that, when he filed his 1994 return, the Commissioner had issued no guidance (other than proposed regulations) about how to elect under section 469(c)(7) and contends that, as a result, his return satisfied the election requirement. We disagree. The lack of guidance does not eliminate the statutory requirement to elect. See Young v. Commissioner, 783 F.2d at 1206 (the statute requires a binding election with or without regulations). In any event, petitioner's argument would not excuse his failure to elect for 1995 because the regulations were adopted in final form well before his 1995 return was due.

5.   Whether the Result of Concluding That Petitioner Did Not Elect Under Section 469(c)(7) Is Too Harsh

Petitioner contends that in deciding whether a taxpayer properly elected, we must consider whether the sanction imposed on the taxpayer for failure to comply would be excessive and out of proportion to the default.  Petitioner contends that the result here is harsh and out of proportion to any failure to elect properly.  Petitioner cites American Air Filter Co. v. Commissioner, 81 T.C. 709, 719 (1983), to support his contention that we must consider the harshness of the result if we find that he did not elect as he claimed.

In American Air Filter Co. v. Commissioner, supra, we considered whether the result was harsh as a factor in deciding whether the taxpayer substantially complied with regulations which stated how to make an election.  American Air Filter Co. does not apply here because the issue here is not whether petitioner substantially complied with a regulation.  If petitioner did not elect under section 469(c)(7) in 1994 as he contends, then his 1994 and 1995 losses are suspended under section 469(b) as they were in years before 1994, and he may not deduct the rental losses that he incurred in 1994 and 1995.  We do not believe that result is harsh or out of proportion to petitioner's failure to elect.

6. <u>Whether Petitioner Substantially Complied With the Requirement To Elect Under Section 469(c)(7)</u>

Petitioner contends that he substantially complied with the requirement to elect under section 469(c)(7).  We disagree for reasons stated above.  Petitioner has not shown that he gave respondent clear notice that he was making an election under section 469(c)(7) for 1994 or 1995.

D.  <u>Conclusion</u>

Petitioner treated the rental real estate activities on his 1995 return in the same manner as his 1994 return.  We conclude that petitioner did not elect on his 1994 or 1995 return to treat his rental real estate activities as a single activity under section 469(c)(7).[5]

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[5]  In light of our conclusion, we need not decide respondent's contention that sec. 1.469-9(g), Income Tax Regs., requiring a taxpayer to attach a statement to his or her original return, applies to petitioner's 1994 return.